## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ALVIN WILSON,                    :
      Plaintiff,           :
                    :            **PRISONER**
      v.                      :     **CASE NO. 3:12-cv-1711 (VLB)**
                    :
CT TRANSIT, et al.,              :
      Defendants.          :

## INITIAL REVIEW ORDER

The plaintiff, Alvin Wilson, currently incarcerated at the Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000).  The plaintiff names as defendants the Connecticut Transit Company, bus driver Caesar Ortiz, the West Hartford Police Department, Officers Lee Brandon and Beverly Jenkins and the Town of West Hartford.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  Id.  In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the

defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. But "'[a] document filed <u>pro se</u> is to be liberally construed and a <u>pro se</u> complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" <u>Boykin v. KeyCorp.</u>, 521 F.3d 202, 214 (2d Cir. 2008) (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)).

The plaintiff alleges that defendant Ortiz, a Connecticut Transit bus driver, deliberately caused the side view mirror of the bus to strike the plaintiff in the head. Defendant Ortiz refused to stop the bus to call police or medical assistance. The plaintiff later reported the incident to defendant Brandon, a West Hartford Police Officer, who refused to summon medical attention and prepared an incident report that included defendant Ortiz's description of the incident rather than the plaintiff's. Defendant Ortiz stated that the plaintiff walked into the bus and that he detected alcohol on the plaintiff's breath. The plaintiff alleges further that defendant Jenkins, the Connecticut Transit claims officer, denied his claim for medical expenses. The plaintiff includes Connecticut Transit, the West Hartford Police Department and the Town of West Hartford as defendants because he considers them responsible for the actions of their employees.

The plaintiff's allegations against defendant Ortiz constitute at most

negligence or an intentional state law tort.  Tortious conduct by state officials does not rise to the level of a constitutional violation.  See Daniels v. Williams, 474 U.S. 327, 335 (1986) (not "all common-law duties owed by government actors were ... constitutionalized by the Fourteenth Amendment"); see also Lopez v. Messina, No. C 04-02107 JW (PR), 2007 WL 2022021, at *2 (N.D. Cal. Jul. 9, 2007) (holding that claim based solely on state tort law is not cognizable under section 1983); Lanphier v. Louisiana, Civil Action No. 06-1490, 2006 WL 3924234, at *5 (W.D. La. Nov. 8, 2006) (dismissing claim for personal injuries resulting from automobile accident as negligence claim not cognizable under section 1983).  The claim against defendant Ortiz is dismissed pursuant to 28 U.S.C. § 1915A.

The plaintiff has no constitutional right to an accurate police report.  If, as the plaintiff alleges, defendant Brandon falsified the incident report, the plaintiff's due process rights would be violated only if the allegedly false report resulted in an unconstitutional deprivation of life, liberty or property.  See Harmon v. St. Louis County, No. 4:08CV226SNLJ,  2009 WL 88024, at *3 (E.D. Mo. Mar. 30, 2009). The plaintiff alleges no facts suggesting that this occurred.  In addition, there is no constitutionally protected right to have the police officer call for medical assistance.  The claims against defendant Brandon are dismissed pursuant to 28 U.S.C. § 1915A.

The plaintiff alleges that defendant Jenkins failed to honor his claim for medical costs.  The court can discern no constitutional right to payment of such claims.  The plaintiff's claim against defendant Jenkins is dismissed as well.

3

The plaintiff has named Connecticut Transit, the West Hartford Police Department and the Town of West Hartford as defendants because he considers these defendants responsible for the actions of their employees.  Respondeat superior, however, does not support a Section 1983 claim.  See Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999).  The fact that the plaintiff has named two Connecticut Transit employees as defendants is not sufficient to support a claim against Connecticut Transit itself.  As the plaintiff includes no other allegations, the claims against Connecticut Transit are dismissed pursuant to 28 U.S.C. § 1915A.

Municipalities and other local government units may be included as defendants under section 1983.  See Monell v. Department of Soc. Servs., 436 U.S. 658, 690 (1978)(reversing circuit court's determination that the Board of Education was not a "person" within the meaning of section 1983.).  To state a claim under Monell, the plaintiff must show that an official policy, practice or custom was the "motivating force [behind] the constitutional violation."  Dodd v. City of Norwich, 827 F.2d 1, 5 (2d Cir. 1987).  Here, the plaintiff includes no allegations suggesting an official policy, practice or custom of the West Hartford Police Department or the Town of West Hartford.  The fact that defendant Brandon was a West Hartford police officer, is insufficient to support a claim against the department or the city.  All claims against the West Hartford Police Department and the Town of West Hartford are dismissed pursuant to 28 U.S.C. § 1915A.

Where no federal claims remain in a lawsuit, the district court may decline to exercise supplemental jurisdiction and leave the state law claims to be considered by the state courts.  See 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over state law claims where all federal claims have been dismissed); Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases).  The court declines to take supplemental jurisdiction over any of the plaintiff's state law claims.

### ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)     All federal law claims in the complaint are DISMISSED pursuant to 28 U.S.C. § 1915A and the court declined to take supplemental jurisdiction over any state law claims.

(2)     The Clerk is directed to enter judgment in favor of the defendants and close this case.

SO ORDERED this 14th day of March 2013, at Hartford, Connecticut.


_____/s/_____
Vanessa L. Bryant
United States District Judge